UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JOY BUCHMAN,

      Plaintiff,

v.

                                                            Case No. 22-CV-586

CITY OF LA CROSSE,

      Defendant.

## COMPLAINT

Plaintiff Joy Buchman, by and through undersigned counsel, brings this Complaint against Defendant City of La Crosse alleging as follows:

### INTRODUCTION

1.    The City of La Crosse has determined that the best use of limited municipal resources is to wade into some of the most profound ontological, moral, and religious debates of our age—the meaning and proper ends of sex, gender, and sexual attraction—declare one side the "winner," and investigate and punish those who dare to voice opposing views.

2.    La Crosse has enacted an ordinance that penalizes medical or mental health professionals if they express certain officially disfavored viewpoints relating to sexual orientation or gender identity when counseling their patients.  These professionals have La Crosse's approval, for example, to engage in counseling "that provides assistance to a person undergoing gender transition, or counseling that provides acceptance, support, and understanding of a person or facilitates a person's coping, social support, and identity exploration and development," but they may *not* engage in "efforts to change behaviors or gender expressions."  Violation of the Ordinance

- 1 -

results in significant financial penalties as well as potential referral to the Wisconsin Department of Safety and Professional Services ("DSPS") for further investigation and possible sanction.

3.      This type of viewpoint discrimination is prohibited by the United States Constitution.  It is black letter law that a municipality like La Crosse has no authority to simply prohibit the expression of certain opinions it dislikes.  La Crosse may not force medical and mental health experts who have good faith disagreements with La Crosse's official perspective to choose between regurgitating that perspective and financial and professional ruination.

4.      La Crosse's ordinance also violates state and federal free exercise protections, is unlawfully vague, and is preempted by contrary state legislation.

5.      Consequently, Plaintiff Joy Buchman, a licensed counselor who works in La Crosse and is harmed by La Crosse's speech code, brings this action to obtain a declaration that the ordinance is unlawful and an injunction barring its enforcement.

## PARTIES

6.      Plaintiff Joy Buchman, LPC-IT, NCC, is a licensed mental health professional and the owner of Kinsman Redeemer Counseling Center, LLC ("Kinsman") in La Crosse, Wisconsin. Ms. Buchman holds a Wisconsin Professional Counselor Training license issued by DSPS and is a National Certified Counselor.  At Kinsman her mission is "healing the whole person by approaching mental health through a Christ centered lens."  Ms. Buchman's focus is childhood trauma in both children and adults.  She is a citizen and resident of the United States and the State of Wisconsin.  She resides in La Crosse, Wisconsin.

7.      The City of La Crosse is a city of the State of Wisconsin.  Through its Common Council and Mayor it adopted the ordinance challenged herein.

- 2 -

## JURISDICTION AND VENUE

8.      This action arises under the First and Fourteenth Amendments to the United States Constitution and the laws of the United States and is brought pursuant to 42 U.S.C. § 1983.  This action also arises under Article I, § 18 of the Wisconsin Constitution and the laws of Wisconsin.  Subject matter jurisdiction is therefore proper under 28 U.S.C. §§ 1331, 1343, and 1367.

9.      This Court has authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57.  It has authority to award damages and to issue injunctive relief pursuant to 42 U.S.C. § 1983 and Fed R. Civ. P. 65.  It has authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

10.     All events or omissions giving rise to this cause of action occurred in La Crosse County, Wisconsin, which is within the Western District of Wisconsin.  Venue is therefore proper under 28 U.S.C. § 1391(b)(2).

## STATEMENT OF FACTS

11.     On September 8, 2022, the City of La Crosse's Common Council passed Ordinance No. 5220 entitled "A SECOND AMENDED ORDINANCE to create Sec. 32-191 of the Code of Ordinances of the City of La Crosse prohibiting Conversion Therapy" ("the Ordinance").  A true and correct copy of the Ordinance is attached hereto as Exhibit A.  The Ordinance was published and took effect on September 17, 2022.

12.     The Ordinance contains the following prohibition: "It is unlawful for any medical or mental health professional to engage in conversion therapy with anyone under 18 years of age."

13.     "Medical or mental health professional" is defined to mean "any individual who is licensed by a local, state, or federal, or other regulatory body to engage in a profession related to physical or mental health, including any students, interns, trainees, apprentices, or assistants who

provide medical or mental health services under the auspices, guidance, or supervision of a licensed medical or mental health professional."

14.    "Conversion therapy" is defined to mean "any practices or treatments offered or rendered to patients, including psychological counseling, that seeks to change a person's sexual orientation or gender identity, including efforts to change behaviors or gender expressions or to eliminate or reduce sexual or romantic attractions or feelings toward individuals of the same gender. Conversion therapy does not include counseling that provides assistance to a person undergoing gender transition, or counseling that provides acceptance, support, and understanding of a person or facilitates a person's coping, social support, and identity exploration and development, including sexual-orientation-neutral interventions to prevent or address unlawful conduct or unsafe sexual practices, as long as such counseling does not seek to change an individual's sexual orientation or gender identity."

15.    The Ordinance is situated with Section 32 of the La Crosse Code of Ordinances. Section 32-1(a) states: "Except as otherwise provided in this chapter, a violation of this chapter is a Class B offense as provided in section 1-7."  Section 32-1(b) authorizes both the Chief of Police and "[s]uch other City officers or City employees who are assigned enforcement responsibilities for this chapter" to "enforce the provisions of this chapter" and to "issue citations as provided for in Wis. Stats. § 800.02(2) for violations of this chapter."

16.    Section 1-7 of the La Crosse Code of Ordinances sets forth the "penalties, remedies and other relief" applicable to violations of La Crosse's ordinances.  Relevant here, a Class B offense results in a "a forfeiture of not less than $50.00 nor more than $1,000.00 and the costs of prosecution."  *See* Code Section 1-7(c)(2).  "Except as otherwise provided by law or ordinance,

each and every day that a violation of [the] Code occurs, continues and/or remains present constitutes a separate offense." Code Section 1-7(f).

17.     Section 1-7 is "cumulative in its legal effect and is not in lieu of any and all other legal and equitable remedies under City ordinances, State statutes, State administrative codes, and common law." Code Section 1-7(p). The Ordinance itself directs that "[a]llegations that a medical or mental health professional is in violation of this section shall be submitted in writing" and makes clear that in addition to the penalties above, "[t]he City shall refer the written allegations to the State of Wisconsin Department of Safety and Professional Services, which regulates therapy services and professional counseling, for investigation and other actions it deems appropriate."

18.     The Ordinance is preventing Ms. Buchman from practicing her profession consistent with her professional and religious views.

## CAUSES OF ACTION

### CLAIM ONE

#### 42 U.S.C. § 1983—Violation of the First and Fourteenth Amendments to the United States Constitution—Free Speech

19.     Plaintiff realleges and incorporates by reference all previous allegations.

20.     The First Amendment to the United States Constitution provides in part that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. This proscription applies via the Fourteenth Amendment to "a municipal government vested with state authority" like La Crosse. *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015).

21.     Ms. Buchman's counseling is a form of speech protected by the First Amendment.

22.     Pursuant to the Free Speech Clause, La Crosse "has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Id.* (quoting *Police Dept. of Chicago v. Mosley*, 408 U.S. 92, 95 (1972)). Such a "[c]ontent-based law[]" is "presumptively unconstitutional" and will receive the strictest judicial review. *See id.*

23.     Municipal discrimination against a particular viewpoint is a "more blatant" and "egregious form of content discrimination" that is likewise prohibited. *Id.* at 168 (quoting *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995)).

24.     The Ordinance is content based and discriminates on the basis of viewpoint.

25.     For example, counseling aimed at "chang[ing] behaviors or gender expressions" is made illegal whereas counseling that "provides assistance to a person undergoing gender transition, or counseling that provides acceptance, support, and understanding of a person or facilitates a person's coping, social support, and identity exploration and development" is permitted. The Ordinance draws "distinctions . . . based on the message a speaker conveys" and thus is presumptively unconstitutional. *See id.* at 163-64.

26.     The Ordinance is also unconstitutionally overbroad.

27.     The Ordinance does not further a compelling governmental interest and is not narrowly tailored to achieve any such interest.

28.     Consequently, the Ordinance is void.

29.     The Ordinance is causing continuing and substantial harm to Ms. Buchman by preventing her from counseling in a manner consistent with her professional and religious views.

## CLAIM TWO
### 42 U.S.C. § 1983—Violation of the First and Fourteenth Amendments to the United States Constitution—Religion Clauses

30.     Plaintiff realleges and incorporates by reference all previous allegations.

31.     The First Amendment to the United States Constitution provides in part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ."  U.S. Const. amend. I.

32.     These Religion Clauses apply to the States and to a municipality like La Crosse via the Fourteenth Amendment.  *See, e.g.*, *Sch. Dist. of Abington Twp., Pa. v. Schempp*, 374 U.S. 203, 215 (1963).

33.     Ms. Buchman approaches counseling through a "Christ centered lens" based upon her sincerely-held religious beliefs.  This approach at times dictates counseling prohibited by the Ordinance, including counseling on matters relating to sexual orientation and gender identity.

34.     The Ordinance substantially burdens the sincere religious beliefs of Ms. Buchman and impermissibly targets the religious views of Ms. Buchman and those like her who do not share the City's views on matters relating to sexual orientation and gender identity.  Ms. Buchman faces punishment simply for counseling in a manner that comports with her religious beliefs.

35.     The Ordinance thus interferes with Ms. Buchman's ability to decide matters of faith and doctrine for herself and to then infuse her work with these religious beliefs.  It attempts to dictate and influence Ms. Buchman's resolution of those matters.  It forces her to choose between her faith and government penalty.

36.     The Ordinance is neither neutral nor generally applicable.  It is intolerant of and directed at religious beliefs, permits secular speech that undermines La Crosse's asserted interests, and permits individualized exemptions.

37.     Official expressions of hostility accompanied the Ordinance, rendering it automatically invalid.  For example, despite good faith disagreement on grounds of conscience by religious adherents like Ms. Buchman to the ideological viewpoint endorsed by the City, members of the La Crosse Common Council and its Judiciary & Administration Committee disparaged those who disagreed with them when debating the merits of a speech ban.  One member appeared to liken the type of speech outlawed to watching his neighbor's son get beaten by his parents; another

suggested it was "an abuse"; reference was made to the need to preserve a "safe space."  The cumulative impact of these statements and others like them was to convey that opponents to the Ordinance are violent and dangerous.

38.    In enforcing a particular view of human sexuality, the Ordinance constitutes a law respecting an establishment of religion.

39.    The Ordinance does not further a compelling governmental interest and is not narrowly tailored to achieve any such interest.

40.    Consequently, the Ordinance is void.

41.    The Ordinance is causing continuing and substantial harm to Ms. Buchman by preventing her from counseling in a manner consistent with her professional and religious views.

**CLAIM THREE**

**42 U.S.C. § 1983—Violation of the Fourteenth Amendment
to the United States Constitution—Vagueness**

42.    Plaintiff realleges and incorporates by reference all previous allegations.

43.    The Fourteenth Amendment prohibits States and their subdivisions from "depriv[ing] any person of life, liberty, or property, without due process of law."

44.    Due process of law requires that when a municipality passes a law purporting to prohibit certain speech that it provide adequate notice of what speech is actually unlawful.  *See, e.g.*, *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 498 (1982).

45.    In the case of the Ordinance, this requirement must be stringently applied because the Ordinance interferes with the right of free speech.  *Id.*

46.    Financial and other penalties attach to violations of the Ordinance.

47.    Despite the foregoing, the Ordinance is so vaguely drafted that it violates due process.

48.     For example, the Ordinance permits "counseling that provides . . . understanding of a person" or that "facilitates . . . a person's . . . identity exploration" but bans counseling that "seek[s] to change an individual's . . . gender identity."  It is utterly unclear how that language applies to speech directed toward a biological male who thinks he may wish to socially transition to a female gender identity but is not sure, or vice versa.

49.     It is likewise unclear how this language applies where a minor has already transitioned but now wants to "detransition," as a growing group of young people who previously transitioned do.  The Ordinance does not explain whether assistance in this circumstance would constitute "seek[ing] to change" the individual's new gender identity (potentially illegal), or simply "provid[ing] acceptance" regarding the minor's old gender identity (potentially permissible).  The Ordinance does not explain how either party is to know which "gender identity" is the "default," if the minor him or herself is unsure.

50.     The Ordinance permits counselors to "address . . . unsafe sexual practices" but bars attempts to "change behaviors."  The Ordinance does not explain who decides when a particular practice falls into one category (an unsafe sexual practice) or the other (a safe sexual behavior) or how this is to be determined.

51.     The Ordinance fails to provide adequate warning of what speech is prohibited.

52.     The Ordinance "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory applications."  *Flipside*, 455 U.S. at 498 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108-109 (1972)).

53.     Consequently, the Ordinance is void.

54.     The Ordinance is causing continuing and substantial harm to Ms. Buchman by preventing her from counseling in a manner consistent with her professional and religious views.

### CLAIM FOUR

### Violation of Article I, § 18 of the Wisconsin Constitution—Rights of Conscience

55.     Plaintiff realleges and incorporates by reference all previous allegations.

56.     Article I, § 18 of the Wisconsin Constitution provides in part that "[t]he right of every person to worship Almighty God according to the dictates of conscience shall never be infringed; . . . nor shall any control of, or interference with, the rights of conscience be permitted . . . ."

57.     The Wisconsin Supreme Court has repeatedly emphasized that in drafting this religious liberty provision, "Wisconsin's framers 'use[d] the strongest possible language in the protection of this right.'" *James v. Heinrich*, 2021 WI 58, ¶38, 397 Wis. 2d 517, 960 N.W.2d 350 (quoting *Coulee Cath. Sch. v. Lab. & Indus. Rev. Comm'n, Dep't of Workforce Dev.*, 2009 WI 88, ¶59, 320 Wis. 2d 275, 768 N.W.2d 868) (alteration in original).  The result is a safeguard "more prohibitive than the First Amendment of the United States Constitution." *Id.* (quoting *King v. Vill. of Waunakee*, 185 Wis. 2d 25, 59, 517 N.W.2d 671 (1994)).

58.     Wisconsin Courts apply strict scrutiny to laws burdening sincere religious beliefs. *See, e.g.*, *James v. Heinrich*, 2021 WI 58, ¶39, 397 Wis. 2d 517, 960 N.W.2d 350.

59.     As discussed above, the Ordinance burdens Ms. Buchman's sincere religious beliefs.

60.     The Ordinance does not further a compelling governmental interest and is not narrowly tailored to achieve any such interest.

61.     Consequently, the Ordinance is void.

62.     The Ordinance is causing continuing and substantial harm to Ms. Buchman by preventing her from counseling in a manner consistent with her professional and religious views.

### CLAIM FIVE
### State Preemption

63.     Plaintiff realleges and incorporates by reference all previous allegations.

64.     Generally speaking, in contexts such as this one, "where 'the state has entered the field of regulation, municipalities may not make regulation inconsistent therewith' because 'a municipality cannot lawfully forbid what the legislature has expressly licensed, authorized or required, or authorize what the legislature has expressly forbidden.'"  *DeRosso Landfill Co. Inc. v. City of Oak Creek*, 200 Wis. 2d 642, 651, 547 N.W.2d 770 (1996) (quoting *Fox v. Racine*, 225 Wis. 542, 545, 275 N.W. 513 (1937)).

65.     The Legislature has set up comprehensive regulatory schemes for professions such as counseling.  For instance, Wis. Stat. ch. 15 creates state entities like the Medical Examining Board, the Psychology Examining Board, and the Marriage and Family Therapy, Professional Counseling, and Social Work Examining Board.  Wis. Stat. § 15.405(7), (7c), (10m).  The Legislature has directed each board to "promulgate rules . . . for the guidance of the trade or profession to which it pertains, and define and enforce professional conduct and unethical practices not inconsistent with the law relating to the particular trade or profession."  Wis. Stat. § 15.08(5)(b).  These boards have done so.  They have not prohibited the speech banned by La Crosse.

66.     The clear implication of the design of these statutes and regulations is that the Legislature and boards are the ones charged with regulating the practice of counseling, not municipalities.

67.     Further, just a few years ago, the Marriage and Family Therapy, Professional Counseling, and Social Work Examining Board proposed a rule with language similar to that contained in the Ordinance.  The Legislature, exercising its prerogative as the entity that created that board in the first place, blocked the rule from taking effect.

68.     The Legislature has also enacted Wis. Stat. § 66.0408, which provides in part that "beginning on November 13, 2015, a political subdivision may not impose any occupational fees or licensing requirements on any profession if that profession is not subject to occupational fees or licensing requirements of the political subdivision on that date."  § 66.0408(2)(a).  The statute also declares that "[w]ith regard to the areas in which any department of state government may impose occupational licensing requirements on any profession, a political subdivision may not impose any occupational licensing requirements on an individual who works in that profession that are more stringent than the requirements imposed by the department that regulates that profession."  § 66.0408(2)(d).

69.     The Ordinance is a new licensing requirement.  It is also more stringent than the licensing requirements imposed at the state level.

70.     The Ordinance regulates a matter of statewide concern.

71.     The Legislature has expressly withdrawn the power of La Crosse to enact the Ordinance.

72.     The Ordinance logically conflicts with state legislation.

73.     The Ordinance defeats the purpose of state legislation.

74.     The Ordinance is contrary to the spirit of state legislation.

75.     Consequently, the Ordinance is preempted and is void.

76.     The Ordinance is causing continuing and substantial harm to Ms. Buchman by preventing her from counseling in a manner consistent with her professional and religious views.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

A.      Enter a declaratory judgment that the Ordinance violates the First and Fourteenth Amendments to the United States Constitution;

B.      Enter a declaratory judgment that the Ordinance violates Article I, § 18 of the Wisconsin Constitution;

C.      Enter a declaratory judgment that the Ordinance is preempted by Wisconsin law;

D.      Enter an order permanently enjoining the City of La Crosse from enforcing the Ordinance;

E.      Award the Plaintiff nominal damages;

F.      Award the Plaintiff her costs and attorney's fees under 42 U.S.C. § 1988; and

G.      Grant the Plaintiff such other and further relief as the Court deems proper.

Dated: October 13, 2022.

Respectfully submitted,

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

s/ *Anthony F. LoCoco*
Richard M. Esenberg (WI Bar No. 1005622)
Anthony F. LoCoco (WI Bar No. 1101773)
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Phone: (414) 727-9455 | Fax: (414) 727-6385
Rick@will-law.org
ALoCoco@will-law.org
*Attorneys for Plaintiff*